IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No. 16-cv-229-ELH |
| GLOBAL RESEARCH SERVICES, LLC, ET AL., | * | |
| Defendants. | * | |

****** 

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment filed by Plaintiff, the U.S. Secretary of Labor (the "Secretary"), against Defendants Global Research Services, LLC ("the Company") and Julie E. Garrett. (ECF No. 11.) The Company and Ms. Garrett have not filed responses, and the time for doing so has passed. *See* Loc. R. 105.2.a. On July 22, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me for a report and recommendation on Plaintiff's Motion. (ECF No. 13.) I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6 (D. Md. 2014). I respectfully recommend that the Court GRANT the Secretary's Motion for Default Judgment and award damages and other equitable relief, as set forth herein.

## I.    FACTUAL AND PROCEDURAL HISTORY

On January 26, 2016, the Secretary commenced this action against the Company, Ms. Garrett, and the Global Research Services, LLC 401(k) Plan ("the Plan"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(2) and (5). (ECF No. 1.) The Complaint alleges that Ms. Garrett and the Company

were fiduciaries of the Plan and parties in interest with respect to the Plan, which is governed by ERISA.  The Secretary alleges that the Company failed to make certain requisite employer contributions to the Plan and that the Company and Ms. Garrett failed to timely remit certain employee contributions to the Plan.  The Secretary claims that this practice constituted failure to segregate Plan assets from the general assets of the Company, such that the contributions remained in the Company's general funds and were not held in trust for the plan.  The Complaint alleges that Ms. Garrett and the Company thereby failed to discharge their fiduciary duties with respect to the Plan, and dealt with assets of the Plan in their own interests, all in violation of ERISA.

Waivers of Service of Summons were Returned Executed for Ms. Garrett and the Company on March 1, 2016.  (ECF Nos. 4, 5.)  The Company and Ms. Garrett did not file answers or responsive pleadings within the requisite time period.  Upon the Secretary's Motion, the Clerk entered an order of default against the Company and Ms. Garrett on April 22, 2016. (ECF No. 8.)[1]  The Secretary filed the pending Motion for Default Judgment on July 22, 2016. The Secretary seeks an order directing the Company and Ms. Garrett to restore to the Plan the losses it suffered as a result of their failure to remit certain employer contributions and to timely remit certain employee contributions to the Plan.  (ECF No. 11-3).  With respect those losses, the Declaration of Samantha S. Truppi (Exhibit 2 to the Secretary's Motion), states that Ms. Garrett and the Company failed to remit a total of $178,051.42 in employer contributions to the Plan, which would have earned $36,559.90 in interest as of July 20, 2016.  (Truppi Decl. ¶¶ 16-18, ECF No. 11-2.)  Ms. Truppi's declaration also states that Ms. Garrett and the Company failed to pay interest on untimely remitted employee contributions, which totaled $6,613.76 as of July 20,

---

[1] The Clerk's Order also mistakenly entered default against the Plan, which was not then (and is not now) in default. Entry of default against the Plan was thus vacated by Order dated July 6, 2016.

2016.  (Id. ¶¶ 22-25.)  The Secretary also asks the Court remove Ms. Garrett and the Company from their fiduciary roles with respect to the Plan and to permanently enjoin them from serving as fiduciaries, trustees, advisors, or administrators and from engaging in certain other decision-making activities, in relation to any plan governed by ERISA, and from further violating ERISA.

## II.    LEGAL ANALYSIS

### A.    Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the Complaint as to liability.  *Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).  Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law.  *United States v. Redden*, No. 09-cv-2688-WDQ, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790).  Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party."  *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).  If the Court determines that liability is established, the Court must then determine the appropriate amount of damages.  *CGI Fin., Inc., v. Johnson*, No. 12-cv-1985-ELH, 2013 WL 1192353, at *1 (D. Md. Mar. 21, 2013).  The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593.

Federal Rule of Civil Procedure 55 establishes the Court's legal framework for resolving this matter.  "If, after entry of default, the plaintiff's complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to

3

Fed. R. Civ. P. 55(b)(2)." *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593. A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *Redden*, 2010 WL 2651607, at *2. Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

## B.     Liability

Under ERISA, plan fiduciaries must discharge their duties with respect to a plan "solely in the interest of the participants and beneficiaries" for the exclusive purposes of "providing benefits to participants and their beneficiaries" and "defraying reasonable expenses of administering the plan," they must do so with "care, skill, prudence, and diligence," and "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(A)-(B), (D). Plan assets must be held in trust, and they must not inure to the benefit of the employer. 29 U.S.C. § 1103(a), (c). Additionally, plan fiduciaries are prohibited from engaging in: (1) transactions that deal with the plan's assets in their own interests, (2) transactions that they know or should know constitute a direct or indirect transfer to a party in interest, and (3) transactions involving the plan on behalf of a party whose interests are adverse to those of the plan or its participants and beneficiaries. 29 U.S.C. § 1106.

The Secretary contends that the Company and Ms. Garrett were fiduciaries of the Plan and that by failing to timely remit certain employee contributions to the Plan, they: (1) failed to hold all assets of the Plan in trust, (2) failed to ensure that the assets of the Plan did not inure to

the benefit of the Company; (3) failed to discharge their duties with respect to the Plan solely in the interest of its participants and beneficiaries; (4) failed to discharge their duties with skill, prudence, and diligence under the circumstances; (5) failed to discharge their duties in accordance with the documents and instruments governing the Plan; (6) caused the plan to engage in transactions which they knew or should have known constituted a transfer of Plan assets to, or use of Plan assets by or for the benefit of, a party in interest; (7) dealt with Plan assets in their own interest or for their own account; and (8) engaged in transactions involving the Plan on behalf of a party whose interests were adverse to its interests or the interests of its participants and beneficiaries, all in violation of the ERISA provisions set forth above.  (Compl. ¶ 19.)  The Secretary further alleges that, by failing to make certain employer contributions to the Plan, the Company: (1) failed to discharge its duties with respect to the Plan solely in the interest of its participants and beneficiaries; (2) failed to discharge its duties with skill, prudence, and diligence under the circumstances; and (3) failed to discharge its duties in accordance with the documents and instruments governing the Plan, also in violation of ERISA.  (Compl. ¶ 20.)  The Secretary contends that the Company and Ms. Garrett are liable as co-fiduciaries for these violations insofar as they participated knowingly in the fiduciary breaches of each other, enabled each other's fiduciary breaches, and failed to make reasonable efforts under the circumstances to remedy each other's fiduciary breaches, of which they had knowledge.  (Compl. ¶¶ 21-23); *see* 29 U.S.C. § 1105(a).  Accepting these factual allegations as true, the Secretary has thus stated a claim for relief under ERISA, and I recommend that the Court enter a Default Judgment in favor of the Secretary and against the Company and Ms. Garrett.

### C.    Relief

Having determined that Plaintiffs have established liability, it is now appropriate to determine the relief to which the Secretary is entitled.  Under ERISA, any person who breaches

any fiduciary duty is personally liable to make good to the plan any losses. 29 U.S.C. § 1109(a). Additionally, a person who breaches his fiduciary duty "shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." *Id.*

Here, the Secretary seeks $221,225.08 in monetary damages to be paid into the Court's registry.[2] (Pl.'s Mem. 10, ECF No. 11-1). As noted, the Secretary submitted the Declaration of Samantha S. Truppi, an investigator with the Washington District Office of the Employee Benefits Security Administration of the United States Department of Labor, in support of his requested relief. Ms. Truppi stated that the Company and Ms. Garrett failed to remit a total of $178,051.42 in employer contributions to the Plan, which would have earned $36,559.90 in interest as of July 20, 2016. (Truppi Decl. ¶¶ 16-18, ECF No. 11-2.) Ms. Truppi's declaration also states that the Company and Ms. Garrett failed to pay interest on untimely remitted employee contributions, which totaled $6,613.76 as of July 20, 2016. (*Id.* ¶¶ 22-25.) Because the Secretary presented sufficient evidence to support the amount of damages claimed, I recommend that the Court award $221,225.08 in damages.

In conjunction with a default judgment, the Court also enjoys broad discretion to enter appropriate equitable relief under ERISA. *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 221 (D.D.C. 2007); *see also Chao v. Merino*, 452 F.3d 174, 185 (2d Cir. 2006) ("ERISA grants the court wide discretion in fashioning equitable relief . . . that relief may include a permanent injunction barring a former ERISA fiduciary from providing services or acting as a fiduciary to any employee benefit plan in the future." (internal citations and quotation marks omitted)). Here, the Secretary seeks removal of the Company and Ms. Garrett as fiduciaries of the plan and entry of a permanent injunction prohibiting the Company and Ms. Garrett from acting as trustees,

---

[2] Once the funds have been paid into the Court's registry, the Secretary intends to file a motion to authorize the appointment of an independent fiduciary to receive any additional amounts paid in satisfaction of the judgment and distribute the funds to the Plan's participants. (Proposed Order, ECF No. 11-3.)

fiduciaries, advisors, or administrators to any plan governed by ERISA; from serving in any capacity that involves decision making authority or custody or control of the moneys, funds, assets, or property of any plan governed by ERISA; and from engaging in further violations of ERISA.   Removal of the Company and Ms. Garrett as fiduciaries of the Plan is plainly appropriate in light of their breaches.  It is likewise appropriate to prohibit the Company and Ms. Garrett from acting as trustees, fiduciaries, advisors, or administrators, and from serving in any capacity that involves decision making authority or custody or control of the moneys, funds, assets, or property, in relation to any plan governed by ERISA, and from engaging in future violations of ERISA.  *See Perez v. Estate of Buckingham*, Civil No. PWG-12-3576, 2014 WL 320130, at * 6 (D. Md. Jan. 28, 2014) (removing fiduciaries and permanently enjoining them from serving as fiduciaries of plans in the future, in conjunction with entry of default judgment). Accordingly, I recommend that the Court remove the Company and Ms. Garrett as fiduciaries of the Plan and enjoin them from any future service as trustees, fiduciaries, advisors, or administrators, and from service in any capacity that involves decision making authority or custody or control of the moneys, funds, assets, or property, for ERISA governed plans.

Finally, the Secretary asks that the Court close this case.  Although the case technically will remain pending as to the Plan if the Court enters the default judgment recommended herein, the Secretary's filings make clear that he seeks no relief from the plan.[3]  Accordingly, upon entry of the Default Judgment recommended above, I also recommend that the Court close this case.

## III.    CONCLUSION

---

[3] Upon discovering that the Secretary sought a default judgment against fewer than all defendants in this case, I sought supplemental briefing from the Secretary on the Court's authority to enter default judgment against fewer than all defendants given the Complaint's assertion that the Plan was included as a defendant in order to allow the Court to grant complete relief in the case.  I am satisfied that the Secretary does not allege that the Plan is jointly and severally liable for the relief requested herein and that default judgment against two of the three defendants is permissible.

In sum, I recommend that:

1.      The Court GRANT the Secretary's Motion for Default Judgment (ECF No. 11) against Global Research Services, LLC and Julie E. Garrett;

2.      The Court order Global Research Services, LLC and Julie E. Garrett to restore to the Plan damages in the amount of $221,225.08;

3.      The Court order Global Research Services, LLC and Julie E. Garrett to pay the above restitution into the registry of the Court, at which point the Secretary should be directed to file a motion with the Court to authorize the appointment of an independent fiduciary for the purpose of receiving and distributing the funds to the Plan's participants;

4.      The Court remove Global Research Services, LLC and Julie E. Garrett as fiduciaries of the Plan and permanently enjoin them from serving as trustees, fiduciaries, advisors, or administrators to any employee benefit plan, as that term is defined in 29 U.S.C. § 1002(3), and from serving in any capacity that involves decision making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA

5.      The Court enjoin Global Research Services, LLC and Julie E. Garrett from engaging in future violations of ERISA;

6.      The Court order Global Research Services, LLC and Julie E. Garrett and their agents, employees, officers, shareholders, service providers, and attorneys to cooperate fully with the Secretary in effecting the Default Judgment;

7.      The Court direct the Default Judgment as a final order as to Global Research Services, LLC and Julie E. Garrett;

8.     The Court retain jurisdiction over this action for the purpose of enforcing compliance with the terms of the Default Judgment; and

9.     The Court direct the Clerk to close this case.

## IV.   NOTICE

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b.

Dated: August 10, 2016                              _____/s/_____

                                                    J. Mark Coulson
                                                    United States Magistrate Judge